**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10571 |
| Plaintiff - Appellee, | D.C. No. 1:12-cr-00994-LEK-1 |
| v. | |
| ANDREW AGARD, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted February 17, 2015
Honolulu, Hawaii

Before: TASHIMA, N.R. SMITH, and FRIEDLAND, Circuit Judges.

In September 2012, Andrew Agard pled guilty to one count of Filing a False

Income Tax Return.  His plea agreement stipulated that the relevant conduct would

be limited to tax years 2005-2007.  Prior to sentencing, the government provided

the probation officer with information for tax years 2002-2004, and the information

for those years was incorporated as relevant conduct into the final presentence

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

investigation report. At sentencing, the judge included 2002-2004 as relevant conduct for calculating Agard's sentence and restitution. Agard now appeals his sentence, arguing that the government breached the plea agreement by providing the tax information for 2002-2004 to the probation officer.

Agard's plea agreement contains a waiver of the right to appeal his sentence unless his sentence exceeds the Sentencing Guidelines range. Agard's sentence does not exceed the Guidelines range.

Agard may bring an appeal notwithstanding the appeal waiver only if his plea was not knowingly and voluntarily entered or if the government breached the plea agreement. *See United States v. Bolinger*, 940 F.2d 478, 480 (9th Cir. 1991) ("[A]n express waiver of the right to appeal in a negotiated plea of guilty is valid if knowingly and voluntarily made."); *United States v. Gonzalez*, 16 F.3d 985, 990 (9th Cir. 1994) ("By opposing the acceptance of responsibility adjustment, the government by its breach of the agreement released Gonzalez from his promise in paragraph 11 not to appeal."). Agard does not argue that his appeal waiver was not knowingly or voluntarily made. Rather, he argues that the government breached the plea agreement by volunteering the information from the additional tax years, and that the appeal waiver is therefore unenforceable. On limited remand, after an

2

evidentiary hearing on April 20, 2015, the district court found that the information for tax years 2002-2004 was requested by the probation officer and not volunteered by the government. Under *United States v. Allen*, 434 F.3d 1166 (9th Cir. 2006), the government's response to the probation officer's request was not a breach of the plea agreement, because parties are always required to answer court officials' questions, and because the government did not advocate for a higher sentence based on the inclusion of those years. *Id.* at 1175-76.

Because Agard's appeal waiver is enforceable, we dismiss his appeal.

**DISMISSED.**